UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
EDMIN ALICEA,

                        Plaintiff,                    **SECOND AMENDED COMPLAINT**

     -against-                                      **13 CV 7073 (JGK) (GWG)**

THE CITY OF NEW YORK,
POLICE OFFICER ALEJANDRO RIVAS (TAX 925987),    **JURY TRIAL DEMANDED**
DETECTIVE RICHARD BABOOLAL (TAX 924906),
POLICE SERGEANT FREDY CRUZ (TAX 915528),
POLICE OFFICER PAUL ARICO (TAX 903358),
POLICE OFFICER TERRENCE MCGRATH (TAX 924169),
and POLICE OFFICER BRENDAN REGAN (TAX 904868),

                        Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

        Plaintiff, Edmin Alicea, by his attorneys, Reibman & Weiner, as and for his Complaint, hereby alleges as follows, upon information and belief:

**PARTIES, VENUE and JURISDICTION**

        1.    At all times hereinafter mentioned, plaintiff, Edmin Alicea, was an adult male resident of New York County, within the State of New York.

        2.    At all relevant times hereinafter mentioned, defendant, City of New York ("New York City"), was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York and acts by and through its agencies, employees and agents, including, but not limited to, the New York City Police Department ("NYPD"), and their employees.

        3.    At all relevant times hereinafter mentioned, defendant, Alejandro Rivas (Tax 925987), was an adult male employed by the City of New York as a member of the NYPD

assigned to the 33rd Precinct. Defendant Rivas is sued herein in his official and individual capacities.

      4.      At all relevant times hereinafter mentioned, defendant, Richard Baboolal (Tax 924906), was an adult male employed by the City of New York as a member of the NYPD assigned to the 33rd Precinct. Defendant Baboolal is sued herein in his official and individual capacities.

      5.      At all relevant times hereinafter mentioned, defendant, Fredy Cruz (Tax 915528), was an adult male employed by the City of New York as a member of the NYPD assigned to the 33rd Precinct. Defendant Cruz is sued herein in his official and individual capacities.

      6.      At all relevant times hereinafter mentioned, defendant, Paul Arico (Tax 903358), was an adult male employed by the City of New York as a member of the NYPD assigned to the 33rd Precinct. Defendant Arico is sued herein in his official and individual capacities.

      7.      At all relevant times hereinafter mentioned, defendant, Terrence McGrath (Tax 924169), was an adult male employed by the City of New York as a member of the NYPD assigned to the 33rd Precinct. Defendant McGrath is sued herein in his official and individual capacities.

      8.      At all relevant times hereinafter mentioned, defendant, Brendan Regan (Tax 904868), was an adult male employed by the City of New York as a member of the NYPD assigned to the 33rd Precinct. Defendant Regan is sued herein in his official and individual capacities.

9. At all relevant times herein, each of the defendants were members of the Conditions Unit of the 33rd Precinct of the NYPD.

10. This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331, 1343 and 1367, and 42 U.S.C. § 1983.

11. Venue is properly laid, pursuant to 28 U.S.C. Section 1391, et seq., in the Southern District of New York, where the plaintiff and defendant City of New York reside, and where the majority of the actions complained of herein occurred.

12. That plaintiff timely served a Notice of Claim on the municipal defendant and complied with all conditions precedent to commencing an action for malicious prosecution and fabrication of evidence pursuant to New York State Law.

13. At least thirty days have elapsed since service of plaintiff's Notice of Claim and adjustment and payment thereof has been neglected or refused.

14. That the within action was initiated within one year and ninety days of the accrual of plaintiff's claim for malicious prosecution and fabrication of evidence pursuant to New York State Law.

**RELEVANT FACTS**

15. On March 27, 2012 (the "date of the arrest"), at about 1:30 p.m., plaintiff was lawfully walking on 172nd Street between Broadway and Fort Washington Avenue, New York, New York (the "scene of the arrest").

16. At or about this time, defendants Rivas, McGrath, Arico, and Regan arrived in uniform, on duty, and in an NYPD vehicle.

17. Without warning, defendants Rivas, McGrath, Arico, and Regan exited their vehicle, approached plaintiff without any legal justification or excuse, and subjected him to excessive force.

18. Specifically, defendant Rivas choked plaintiff and struck him on his body without any legal justification or excuse.

19. Defendants McGrath, Arico, and Regan participated in this force, or otherwise stood by and observed, and did nothing to intervene and stop the force being used by defendant Rivas against plaintiff.

20. Plaintiff was not engaged in any suspicious or illegal activity and there was no legal basis or justification for the defendants to approach and detain plaintiff or to subject him to any force, much less the force actually employed.

21. Despite the absence of any evidence of wrongdoing on the part of plaintiff, the defendants searched plaintiff.

22. The search yielded no evidence of any guns, drugs, or contraband.

23. Without any explanation or justification, defendant Rivas applied excessively tight handcuffs to plaintiff and formally arrested him.

24. At no time did plaintiff resist arrest or engage in any violent or threatening behavior.

25. Defendants Rivas, McGrath, Arico, and Regan continued to subject plaintiff to excessive even after he was handcuffed by, *inter alia*, pushing plaintiff into the defendants' NYPD vehicle, and excessively tightening the handcuffs even further.

26. Defendant Rivas also pulled plaintiffs arms behind his back multiple times while he was handcuffed, intentionally injuring and damaging plaintiff's rotator cuff and wrists.

27. Defendants McGrath, Arico, and Regan witnessed this excessive force and either participated or failed to intervene on plaintiff's behalf.

28. As a result of defendants' actions, plaintiff sustained physical injuries.

29. At no time did there exist any basis to utilize any level of force against Mr. Alicea, much less the force actually employed, nor could any of the defendants have reasonably believed that such force was necessary.

30. Plaintiff was not engaged in any unlawful or suspicious activity, and repeatedly asked the defendants why they were assaulting and arresting him, and received no response.

31. The decision to arrest plaintiff was objectively unreasonable under the circumstances.

32. At no time did there exist sufficient cause to seize or arrest plaintiff, nor could the defendants have reasonably believed that such cause existed.

33. Plaintiff was also subjected to excessive force when the defendants intentionally failed to fasten his seatbelt and transported him to the 33rd Precinct in a manner intended to cause pain, discomfort and injuries to plaintiff.

34. Plaintiff was held at the 33rd Precinct for several hours before he was transferred to New York County Central Booking, where he was held for several more hours.

35. Approximately twenty four hours after his arrest, plaintiff was arraigned on one count of attempted tampering with physical evidence pursuant to a criminal complaint containing false allegations sworn to by defendant Rivas.

36. In the criminal complaint, defendant Rivas alleged that plaintiff "believing that certain physical evidence was about to be produced in an official or prospective proceeding and intending to prevent such production, attempted to suppress it by an act of concealment, alteration, and destruction and by employing force, intimidation, and deception against a person."

37. These and other allegations contained in the complaint were false and defendant Rivas knew them to be false when he made them.

38. The factual allegations sworn to by defendant Rivas against plaintiff were materially false and deliberately made to justify the illegal arrest and assault by defendants against plaintiff.

39. Upon information and belief, defendant Baboolal also provided false allegations in support of plaintiff's arrest and prosecution, which he and the other defendants knew were false.

40. Specifically, upon information and belief, defendant Baboolal provided false statements in support of plaintiff's arrest report stating that plaintiff was "observed conducting a hand to hand transaction with an unapprehended dealer exchanging US currency for a clear plastic bag of alleged marijuana."

41. These allegations were not included in plaintiff's criminal complaint, but were nonetheless forwarded to the district attorney's office and used to justify the false arrest and prosecution of plaintiff.

42.     Plaintiff was prosecuted for over one year pursuant to these and other false allegations before the charges against him were dismissed.

43.     These and other allegations were false and each of the defendants, including defendants Baboolal and Rivas, knew these and other allegations were false when they were made.

44.     As a result of this arrest and criminal prosecution, plaintiff was terminated from his job.

45.     At no time did defendants take any steps to intervene in, prevent, or otherwise limit the heretofore misconduct engaged in against plaintiff.

46.     The individual defendants intentionally and deliberately gave false statements and/or failed to file accurate or corrective statements, or otherwise failed to report the conduct of the defendants who engaged in the misconduct described herein as required.

47.     That at all times relevant herein, the defendants were on duty and acting within the scope of their employment, and their acts were done in furtherance of the City of New York's interests and without legal justification or excuse.

**FIRST CAUSE OF ACTION**
**AGAINST EACH OF THE INDIVIDUAL DEFENDANTS**
**FOR FALSE ARREST**
**PURSUANT TO 42 U.S.C. SECTION 1983**

48.     Plaintiff repeats the allegations contained in each of the foregoing paragraphs as though stated fully herein.

49. At no time did the defendants have any legal basis for arresting or imprisoning plaintiff, or commencing criminal process against him, nor was there any reasonable basis to believe said conduct set forth herein was lawful, reasonable, or otherwise appropriate.

50. Defendants willfully and intentionally seized, searched, detained, and arrested plaintiff without probable cause, and without a reasonable basis to believe such cause existed.

51. Defendants Rivas and Baboolal provided false allegations in support of plaintiff's arrest and prosecution.

52. Defendants McGrath, Arico, Regan, and Cruz, knowing that these allegations were false, failed to intervene on plaintiff's behalf, and failed to file accurate or corrective statements regarding the illegal and unconstitutional circumstances of plaintiff's arrest and prosecution in order to cover up their own misconduct and the misconduct of their Conditions Unit colleagues.

53. By so doing, each of the individual defendants, individually and collectively, subjected plaintiff to false arrest and imprisonment, malicious prosecution, unlawful searches of person and property, and denial of due process, and thereby violated, conspired to violate, and aided and abetted in the violation of plaintiff's rights under the Fourth and Fourteenth Amendments of the United States Constitution.

54. By reason thereof, the individual defendants have violated 42 U.S.C. §1983 and caused plaintiff to suffer emotional and mental anguish, incarceration and the deprivation of liberty, and the loss of his constitutional rights.

## SECOND CAUSE OF ACTION
## AGAINST EACH OF THE INDIVIDUAL DEFENDANTS
## FOR EXCESSIVE FORCE
## PURSUANT TO 42 U.S.C. SECTION 1983

55. Plaintiff repeats the allegations contained in each of the foregoing paragraphs as though stated fully herein.

56. At no time did defendants have any legal basis for using physical force against plaintiff, nor was there any reasonable basis to believe said conduct set forth herein was lawful, reasonable, or otherwise appropriate.

57. Defendants willfully and intentionally subjected plaintiff to physical force in excess of what was reasonable under the circumstances and caused plaintiff to suffer physical injuries, and did so without a reasonable basis to believe that such conduct was appropriate, reasonable, lawful, or necessary.

58. Each of the defendants named herein either participated in the excessive force against plaintiff or failed to intervene on plaintiff's behalf and failed to seek medical attention for his injuries sustained by the defendants.

59. By so doing, the individual defendants, individually and collectively, subjected plaintiff to excessive force and thereby violated, conspired to violate, and aided and abetted in the violation of plaintiff's rights under the Fourth and Fourteenth Amendments of the United States Constitution.

60. By reason thereof, the individual defendants have violated 42 U.S.C. §1983 and caused plaintiff to suffer emotional and physical injuries, mental anguish, incarceration and the deprivation of liberty, and the loss of his constitutional rights

## THIRD CAUSE OF ACTION
### AGAINST THE CITY OF NEW YORK
### PURSUANT TO *MONELL* AND 42 U.S.C. SECTION 1983

61. Plaintiff repeats the allegations contained in each of the foregoing paragraphs as though stated fully herein.

62. Defendant City of New York was responsible for ensuring that reasonable and appropriate levels of supervision were in place within and/or over the NYPD.

63. Defendant had actual or constructive knowledge that there was inadequate supervision over and/or within the NYPD with respect to its members' abuse of their authority, use of excessive force, abuse of arrest powers, and other blatant violations of the United States Constitution and the rules and regulations of the NYPD. Despite ample notice of inadequate supervision, defendants took no steps to ensure that reasonable and appropriate levels of supervision were put place to reasonably ensure that NYPD members engaged in police conduct in a lawful and proper manner, including their use of their authority as law enforcement officers with respect to the general public, including, and specifically, the plaintiff herein.

64. The defendant City of New York deliberately and intentionally chose not to take action to correct the chronic, systemic, and institutional misuse and abuse of police authority by its NYPD employees, and thereby deliberately and intentionally adopted, condoned, and otherwise created through deliberate inaction and negligent supervision, an NYPD policy, practice, and custom of utilizing illegal and impermissible searches, arrests, and detentions, and the manufacturing of evidence, in the ordinary course of NYPD business in flagrant disregard of the state and federal constitutions, as well as the Patrol Guide, up to and beyond the plaintiff's arrest.

65. All of the acts and omissions by the individual defendants described above were carried out pursuant to overlapping policies and practices of the municipal defendant in their capacities as police officers and officials pursuant to customs, policies, usages, practices, procedures and rules of the City and the NYPD, all under the supervision of ranking officers of the NYPD.

66. The aforementioned customs, practices, procedures, and rules of the City and the NYPD include, but are not limited to, the following unconstitutional practices:

   a. Using excessive force on individuals, including but not limited to those who have already been handcuffed;

   b. Failing to supervise, train, instruct and discipline police officers and encouraging their misconduct;

   c. Discouraging police officers from reporting the corrupt or unlawful acts of other officers;

   d. Retaliating against officers who report police misconduct; and

   e. Failing to intervene to prevent the above-mentioned practices when such intervention is reasonably available.

67. The existence of aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct, as documented in the following, non-exhaustive list of civil actions:

   a. *Thompson v. City of New York,* 10-CV-3603 (ARR) (SMG) (E.D.N.Y.)

   b. *Lotorto v. City of New York,* 10-CV-1223 (ILG) (JMA) (E.D.N.Y.);

   c. *Zabala v. City of New York,* 37711/2010 (Sup. Ct., Kings Co.);

   d. *Ashe v. City of New York,* 09-CV-9696 (GBD) (THK) (S.D.N.Y.);

   e. *Long v. City of New York,* 09-CV-9216 (AKH) (S.D.N.Y.);

   f. *Moise v. City of New York,* 09-CV-9855 (DC) (JLC) (S.D.N.Y.)

g.   *Taylor-Mickens* v. *City of New York,* 09-CV-7923 (RWS) (SD.N.Y.);

h.   *Carmody* v. *City of New York,* 05-CV-8084 (HB), 2006 U.S. Dist. LEXIS 83207;

i.   *McMillan* v. *City of New York,* 04-CV-3990 (FB) (RML) (E.D.N.Y.);

j.   *Avent* v. *City of New York,* 04-CV-2451 (CBA) (CLP) (E.D.N.Y.):

k.   *Smith* v. *City of New York,* 04-CV-1045 (RRM) (JMA) (E.D.N.Y.);

l.   *Powers* v. *City of New York,* 04-CV-2246 (NGG) (E.D.N.Y.);

m.   *Dotson* v. *City of New York,* 03-CV-2136 (RMB) (S.D.N.Y.);

n.   *Nonnemann* v. *City of New York,* 02-CV-I0131 (JSR) (AJP) (S.D.N.Y.);

o.   *Richardson* v. *City of New York,* 02-CV-3651 (JG) (CLP) (E.D.N.Y.);

p.   *Barry* v. *New York City Police Department,* 01-CV-10627 (CBM) (S.D.N.Y.);

q.   *Walton v. Safir,* 99-CV-4430 (AKH) (S.D.N.Y.);

r.   *White-Ruiz v. The City of New York,* 93-CV-7233 (DLC) (MHD) (S.D.N.Y.);

s.   *Ariza v. City of New York,* 93-CV-5287 (CPS) (E.D.N.Y.);

68.   In an Order dated November 25, 2009, in *Colon v. City of New York,* 09-CV-0008 (E.D.N.Y.), the Hon. Jack B. Weinstein stated:

> Informal inquiry by the court and among the judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting police officers of the New York City Police Department. Despite numerous inquiries by commissions and strong reported efforts by the present administration -- through selection of candidates for the police force stressing academic and other qualifications, serious training to avoid constitutional violations, and strong disciplinary action within the department -- there is some evidence of an attitude among officers that is sufficiently widespread to constitute a custom or policy by the city approving illegal conduct of the kind now charged.

69. Furthermore, more than half the time that the Civilian Complaint Review Board refers substantiated complaints against officers to the NYPD for disciplinary action, the NYPD either simply issues a verbal warning or drops the charges altogether.

70. It is therefore clear that the municipal defendant has not only tolerated, but actively fostered a lawless atmosphere within the NYPD and that the City of New York was deliberately indifferent to the risk that the inadequate level of supervision would lead to the violation of individuals' constitutional rights in general, and caused the violation of plaintiff's rights in particular.

71. By reason thereof, defendant has violated 42 U.S.C. §1983 and caused plaintiff to suffer emotional and physical injuries, mental anguish, incarceration and the deprivation of liberty, and the loss of his constitutional rights.

**FOURTH CAUSE OF ACTION**
**AGAINST THE INDIVIDUAL DEFENDANTS AND THE CITY OF NEW YORK VIA**
***RESPONDEAT SUPERIOR***

72. Plaintiff repeats the allegations contained in each of the foregoing paragraphs as though stated fully herein.

73. Plaintiff was subjected to malicious prosecution, denial of due process and fair trial, through the defendants' use of fabricated evidence and the making of false statements.

74. At no time did defendants have any legal basis for commencing criminal process against plaintiff, nor was there any reasonable basis to believe said conduct set forth herein was lawful, reasonable, or otherwise appropriate.

75. The defendants are therefore liable under New York law to plaintiff for malicious prosecution, and denial of due process and fair trial.

76. By reason thereof, defendants have caused plaintiff to suffer emotional and physical injuries, mental anguish, the loss of his constitutional rights, and unlawful incarceration.

## DEMAND FOR A JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, plaintiff hereby demands a jury trial of all issues capable of being determined by a jury.

WHEREFORE, the plaintiff demands judgment against defendants jointly and severally as follows:

    i. On the First and Second Causes of Action, damages in a substantial sum of money against the individual defendants in an amount to be determined at trial;

    ii. On the First and Second Causes of Action, punitive damages in a substantial sum of money against the individual defendants in an amount to be determined at trial;

    iii. On the Third Cause of Action, damages in a substantial sum of money against the City of New York in an amount to be determined at trial;

    iv. On the Fourth Cause of Action, damages in a substantial sum of money against the City of New York and the individual defendants in an amount to be determined at trial;

    v. Statutory attorney's fees pursuant to, *inter alia*, 42 U.S.C. §1988 and New York common law, as well as disbursements, and costs of this action; and

    vi. Such other relief as the Court deems just and proper.

Dated: Brooklyn, New York
       October 16, 2014

By:    /s/
Jessica Massimi (JM-2920)
Reibman & Weiner
Attorneys for Plaintiff
26 Court Street, Suite 1808
Brooklyn, New York 11242
718-522-1743