UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
EDMIN ALICEA,

                                                                                                    13-cv-7073 (JGK)

                           Plaintiff,                          **PLAINTIFF'S**
                                                                                        **OBJECTIONS TO**
                                                                                        **DEFENDANTS'**
                  -against-                       **REQUESTS TO CHARGE**

THE CITY OF NEW YORK, *et al.*,


                             Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

       Plaintiff Edmin Alicea, by and through his undersigned counsel, submits the following objections to defendants' requests to charge (Docket Nos. 105 & 117).

       Plaintiff objects to Docket No. 105 (containing defendants' proposed jury instructions) as follows:

**I.     GENERAL INTRODUCTORY CHARGES**

       Plaintiff has no objections to Parts A, B, C, D, E, G, H, I, J, or M. (Docket No. 105 at pp. 10.)

       Plaintiff objects to the third sentence in Part F, which states "the defendants are not to be favored or disfavored because they are members of the New York City Police Department." Defendants should not be specifically identified as persons equal before the law without plaintiff also being specifically identified.  However, no specific instruction as to any party is necessary.

       Plaintiff objects to Part K with respect to the last paragraph ("With respect to the non-party testimony of Lindsay Daniels, you may consider whether her testimony was in any way influenced by the fact that she is represented as a plaintiff in a civil rights lawsuit by the same law firm as

plaintiff here.") It would not be fair to specifically instruct the jury as to the potential bias of one of plaintiff's witnesses without also instructing the jury as to the potential biases of all other witnesses. However, no specific instruction as to any of the witnesses is necessary.

Plaintiff objects to the last sentence in Part L ("One further caution: You are to consider the experts only if you reach the issue of damages.") This instruction is confusing and incorrect insofar as it suggests that the jury must find that plaintiff is entitled to an award of compensatory damages before considering the testimony of either Dr. Darren Friedman or Dr. Ramesh Gidumal.

## II. SUBSTANTIVE INSTRUCTIONS

### A. Nature of Plaintiff's Claims

Plaintiff objects to this charge as it does not set forth the statute under which plaintiff is proceeding and does not include plaintiff's allegation that defendants Alejandro Rivas and Brendan Regan failed to intervene in defendant Paul Arico's use of excessive force.

### B. The Statute, Its Function, and Elements of Claim for Relief

Plaintiff objects to this charge insofar as it omits the "acting under color of state law" as an element of a claim under 42 U.S.C. §1983. Plaintiff's proposed charge includes all three elements of a claim under Section 1983, while also stating that "[i]t is uncontested that plaintiff Edmin Alicea has proven the first element, that at all relevant times all of the defendants ... acted under color of law...." (Docket No. 110 at p.3.) This approach is consistent with the law.

#### 1. First Element: Deprivation of Constitutional Right

Plaintiff objects to this charge based on its use of the phrase "preponderance of the credible evidence...." The standard of proof is the preponderance of the evidence, and not the preponderance of the credible evidence. *See* Sand, Siffert, Loughlin, Reiss, Allen and Rakoff, Modern Federal Jury

Instructions (2016), Volume 5 (Civil), ¶ 87.03, Instruction 87-67.

### a. *Commission of Alleged Acts*

Plaintiff objects to this charge based on its use of the phrase "preponderance of the credible evidence...." The standard of proof is the preponderance of the evidence, and not the preponderance of the credible evidence. *See* Sand, Siffert, Loughlin, Reiss, Allen and Rakoff, Modern Federal Jury Instructions (2016), Volume 5 (Civil), ¶ 87.03, Instruction 87-67.

### b. *Loss of a Constitutional Right*

Plaintiff does not object to the introductory paragraph immediately following the above heading.

#### i. **Excessive Force**

Plaintiff objects to this charge because it is contrary to the law. Defendants' charge states that "[i]n order to find for plaintiff on this claim, you must find three (3) things: first, that he suffered a physical injury; second, that the injury suffered was proximately caused by the intentional actions of defendants, and no one else, directed at the plaintiff; and third, that the amount of force used was in excess of what a reasonable officer would have used under similar circumstances." (Docket No. 105 at p.12.) Proximate cause is not a factor to consider in determining whether plaintiff was subjected to excessive force.

The excessive force charge should instruct the jury on how to determine whether plaintiff was deprived of a constitutional right to be free from excessive force. *See Brown v. City of New York*, 798 F.3d 94, 100-01 (2d Cir. 2015) ("The Fourth Amendment prohibits the use of excessive force in making an arrest, and whether the force used is excessive is to be analyzed under that Amendment's ''reasonableness' standard.'" (*quoting Graham v. Connor*, 490 U.S. 386, 395 (1989).)

Proximate cause is a separate element of a Section 1983 claim and does not belong in the charge on excessive force. *See* Sand, Siffert, Loughlin, Reiss, Allen and Rakoff, Modern Federal Jury Instructions (2016), Volume 5 (Civil), ¶ 87.03, Instruction 87-74C. Indeed, defendants' requests to charge separately instruct the jury on proximate cause as "[t]he second element that plaintiff must prove" for a Section 1983 claim. (Docket No. 105 at 22.)

Plaintiff further objects to defendants' charge because it does not include any of the three factors that the Second Circuit states should be considered in determining excessiveness. According to the Second Circuit, "[d]etermining excessiveness requires 'a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake.'" *Brown*, 798 F.3d at 100 (*quoting Graham*, 490 U.S. at 396.) "In conducting that balancing, we are guided by consideration of at least three factors: (1) the nature and severity of the crime leading to the arrest, (2) whether the suspect poses an immediate threat to the safety of the officer or others, and (3) whether the suspect was actively resisting arrest or attempting to evade arrest by flight." *Tracy v. Freshwater*, 623 F.3d 90, 96 (2d Cir. 2010).

Plaintiff further objects to defendants' charge because it omits any reference to defendants' liability if the jury find they had a reasonable opportunity to intervene in another officer's use of excessive force and failed to do so.

In sum, defendants' excessive force charge is contrary to the law and should not be used.

### ii. Malicious Prosecution

Plaintiff objects to this charge because it is contrary to the law. Defendants incorrectly define probable cause to exist "if the facts and circumstances known to the defendants at the time of the arrest ... were such as to lead a reasonably prudent person to believe that plaintiff had committed or

was committing a crime." (Docket No. 105 at p. 17.) This is the definition of probable case in the context of false arrest, not malicious prosecution. "To succeed on a claim for malicious prosecution, the plaintiff must show that a prosecution ... was brought with malice *but without probable cause to believe that it could succeed....*" *Boyd v. City of New York*, 336 F.3d 72, 76 (2d Cir. 2003) (emphasis added).

Defendants' charge incorrectly states that probable cause for malicious prosecution is measured "at the moment of arrest, not based on later developments." (Docket No. 105 at p. 17.) To the contrary, " probable cause is measured, for purposes of a claim of malicious prosecution, at the time the criminal proceeding commences...." *Russo v. Port Auth. of New York & New Jersey*, 2008 WL 4508558, at *3 (E.D.N.Y. Sept. 30, 2008).

Defendants' charge also misstates the law by instructing the jury that "[i]f you determine that there was probable cause for plaintiff's arrest, then you must conclude that there was probable cause for the criminal prosecution and your verdict must be for defendant." (Docket No. 105 at p. 20.) This is not the law. The probable cause determination for malicious prosecution is separate from the probable cause determination for false arrest.

In sum, defendants' malicious prosecution charge is contrary to the law and should not be used.

    **2.**    **SECOND ELEMENT: PROXIMATE CAUSE**

Plaintiff does not object to this charge.

### III. DAMAGES

Plaintiff does not object to defendants' charges on damages.

### IV.     FINAL GENERAL CHARGES

Plaintiff does not object to defendants' final general charges.

---

Plaintiff next objects to Docket No. 117 containing defendants' proposed verdict sheet as follows:

Plaintiff objects to each question in the verdict sheet that uses the phrase "preponderance of the credible evidence." This is not an accurate statement of the law. Any reference in the verdict sheet to the burden of proof should exclude the word "credible."

Plaintiff objects to each question in the verdict sheet that uses the phrase "intentional use of excessive force."  This is not an accurate statement of the law. For plaintiff to establish the loss of a constitutional right, including the loss of the right to be free from excessive force, he must show that defendants "intentionally *or recklessly* deprived the plaintiff of a federal right." *See* Sand, Siffert, Loughlin, Reiss, Allen and Rakoff, Modern Federal Jury Instructions (2016), Volume 5 (Civil), ¶ 87.03, Instruction 87-74 (emphasis added).

Plaintiff objects to the sequence of questions in the verdict sheet that ask the jury to determine nominal damages before compensatory damages. (Docket No. 117 at Quest Nos. 3-4, 7-8.) This order is confusing and should be reversed. Plaintiff notes that his proposed verdict sheet  also contains a confusing reference to nominal damages in Questions 1D and 2B. (Docket No. 110 at pp. 13, 15.) Plaintiff  suggests that the line "You must award at least $1 as nominal damages if you answer 'yes' to Question __ below" be excluded from the verdict sheet.

Plaintiff objects to defendants' verdict sheet to the extent it omits any reference to defendants' liability for failure to intervene. (*Cf.* Docket No. 110 at p. 12.)

Plaintiff objects to defendants' verdict sheet to the extent it omits any reference to punitive damages.

Lastly, plaintiff objects to defendants' verdict sheet to the extent it omits any reference to whether defendant Alejandro Rivas was acting within the scope of employment for purposes of defendant the City of New York's liability for malicious prosecution under respondeat superior (subject to defendants' stipulating that Rivas was acting within the scope of employment).

Dated: Brooklyn, New York
      June 28, 2016

                                        /s/
                              James Sanborn (JS-4011)
                              Reibman & Weiner
                              26 Court Street, Suite 1808
                              Brooklyn, New York 11242
                              Tel. (718) 522-1743
                              Fax (718) 522-6093
                              *Attorneys for Plaintiff*

To:    All counsel of record (via ECF)